IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| ALCON RESEARCH, LTD., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. _____ |
| APOTEX CORP. and APOTEX INC., | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Alcon Research, Ltd. ("Alcon"), by its attorneys, for its Complaint, alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by defendants Apotex Corp. and Apotex Inc. (collectively, "Apotex") of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Alcon's TRAVATAN® travoprost ophthalmic solution ("TRAVATAN®") prior to the expiration of U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062.

2. TRAVATAN® is an ophthalmic solution for topical administration to the eye. The active ingredient in TRAVATAN® is travoprost. TRAVATAN® is indicated for the reduction of elevated intraocular pressure in patients with open-angle glaucoma or ocular hypertension who are intolerant of other intraocular pressure lowering medications or insufficiently responsive (failed to achieve target IOP determined after multiple measurements over time) to another intraocular pressure lowering medication.

3. By letter dated September 11, 2009 (the "Notice Letter"), Apotex notified Alcon that Apotex had submitted to the FDA an ANDA, No. 91-380, for travoprost ophthalmic solution 0.004% ("Apotex's ANDA Product"). Apotex's ANDA Product is a drug product that is a generic version of TRAVATAN®.

**PARTIES**

4. Plaintiff Alcon is a corporation organized and existing under the laws of the State of Delaware, having its corporate offices and principal place of business at 6201 South Freeway, Fort Worth, Texas 76134.

5. Upon information and belief, defendant Apotex Corp. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

6. Upon information and belief, defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Weston, Ontario M9L 1T9, Canada.

7. Upon information and belief, Apotex Inc. is in the business of manufacturing, marketing and selling generic drug products. As a part of this business, upon information and belief, Apotex Inc., directly or through agents (including but not limited to Apotex Corp.), regularly files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. Upon information and belief, as a part of these ANDAs, Apotex Inc., directly or though agents (including but not limited to Apotex Corp.), regularly files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use,

offer for sale, sale, and/or importation of generic drug products prior to the expiration of U.S. patents that cover them. Upon information and belief, Apotex Inc.'s ordinary business operations include litigating in the courts of the United States, including the U.S. District Court for the District of Delaware, the infringement, validity, and/or enforceability of United States patents that cover or are alleged to cover generic drug products that are the subject of ANDAs filed by Apotex.

8. Upon information and belief, Apotex Inc. regularly transacts business with companies located and/or headquartered in Delaware.

9. Upon information and belief, Apotex Inc. manufactures drug products for the purpose of sale within the United States, including Delaware, by Apotex Corp.

10. Upon information and belief, Apotex Corp. is a wholly-owned subsidiary of Apotex Inc. that serves as Apotex Inc.'s United States sales agent and distributor and sells and offers for sale Apotex Inc.'s drug products throughout the United States, including in Delaware. Upon information and belief, Apotex Inc. derives substantial revenue from services or things used or consumed in the state of Delaware. Apotex Inc. has stated on its web site that "Apotex Inc. serves a marketplace of over 115 countries, and is committed to growth on a global basis through affiliates such as Apotex Corp. in the United States of America."

11. Upon information and belief, Apotex Inc. and Apotex Corp. are two arms of the same business group, operate in concert with each other, and enter into agreements with each other that are nearer than arm's length. Upon information and belief, employees of Apotex Inc., including Apotex Inc. CEO Dr. Bernard Sherman, frequently speak on behalf of Apotex Corp. Apotex Inc. has also stated on its web site that Apotex is "a vertically integrated

3

company" with a "preference . . . to develop, manufacture and market our own products—from API to finished dosage form to marketing and distribution."

12. The Notice Letter defined "Apotex" as "Apotex Corp. and Apotex Inc." and stated that "Apotex" had submitted ANDA No. 91-380. The Notice Letter described Apotex's ANDA Product as "Apotex's proposed product."

13. Upon information and belief, the web site of Apotex Corp. is http://www.apotexcorp.com. Upon information and belief, apotexcorp.com is registered to "Apotex" at the Weston, Ontario address of Apotex Inc., and the administrative and technical contact listed by the Internet domain registrar for apotexcorp.com is an employee of Apotex Inc. Upon information and belief, visitors to http://www.apotexcorp.com are redirected to a web page on the web site of Apotex Inc., http://www.apotex.com, that is directed towards and is accessible to residents of the United States, including Delaware, and that makes available a product catalog describing products sold, through Apotex Corp., in the United States, including Delaware.

## JURISDICTION AND VENUE

14. Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 1391, and 1400(b).

15. Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, upon information and belief, Apotex Corp. is a resident and citizen of the State of Delaware and has submitted itself to the jurisdiction of courts in Delaware by virtue of its incorporation under Delaware law, and Apotex Corp. is in the business of marketing drug products, which it distributes and sells throughout the United States, including in Delaware.

16. Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, upon information and belief, (1) Apotex Inc. is in the business of manufacturing

drug products which it manufactures, distributes, and sells or offers to sell, primarily through Apotex Corp., throughout the United States, including in Delaware, derives substantial revenue from services or things used or consumed in the state of Delaware, and transacts business with companies located and/or headquartered in Delaware; (2) as part of its ordinary business practice of engaging in U.S. patent litigation, Apotex Inc. has regularly and routinely litigated ANDA cases in this District, including by asserting counterclaims; (3) Apotex Inc. has, directly or through an agent, filed an ANDA, and/or been actively involved in the preparation and submission of an ANDA, for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product in the United States, including in Delaware; (4) upon receiving FDA approval, Apotex Inc. intends to offer to sell and sell, primarily through Apotex Corp., Apotex's ANDA Product throughout the United States, including in Delaware; (5) if Apotex is permitted to sell Apotex's ANDA Product in Delaware prior to the expiration of U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062, Apotex Inc. will cause substantial injury to Alcon, a Delaware corporation, and to Alcon's Delaware corporate affiliates; and (6) Apotex Corp., acting as Apotex Inc.'s agent and/or alter ego, regularly does and solicits business in Delaware and is engaged in a persistent, continuous and systematic course of conduct in Delaware in which it distributes, sells, and offers to sell Apotex Inc.'s drug products in Delaware and derives substantial revenue from services or things used or consumed in the state of Delaware on behalf of Apotex Inc.

## BACKGROUND

17. U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062 have been listed in connection with TRAVATAN® in the FDA's publication,

5

*Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly (and hereinafter) known as the "Orange Book."

18. Upon information and belief, Apotex's ANDA Product contains the same ingredients, or equivalents thereof, in the same amounts, or equivalent amounts, as TRAVATAN®.

19. Pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6), for each claim of U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062 that Apotex believes would not be infringed by the making, using, offering for sale, sale, or importation of Apotex's ANDA Product, Apotex was required to provide in its Notice Letter a full and detailed explanation of why each such claim is or would not be infringed.

20. Apotex did not assert in its Notice Letter that the making, using, offering for sale, sale, or importation of Apotex's ANDA Product would not infringe one or more claims of each of U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062.

21. The purpose of Apotex's submission of ANDA No. 91-380 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062.

22. In the Notice Letter, Apotex also notified Alcon that, as part of its ANDA No. 91-380, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792, 5,889,052, and 6,011,062. Upon information and belief, Apotex submitted ANDA No. 91-380 to the FDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that U.S. Patent Nos. 5,510,383, 5,631,287, 5,849,792,

5,889,052, and 6,011,062 are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA Product.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,510,383

23. Alcon incorporates each of the preceding paragraphs 1–22 as if fully set forth herein.

24. United States Patent No. 5,510,383 ("the '383 patent"), entitled "Use of Cloprostenol, Fluprostenol and Their Salts and Esters to Treat Glaucoma and Ocular Hypertension" (Exhibit A hereto), was duly and legally issued on April 23, 1996, to Alcon Laboratories, Inc., as assignee of John E. Bishop, Louis DeSantis, Jr., and Verney L. Sallee, and is incorporated herein by reference.

25. Alcon Laboratories, Inc.'s interest in the '383 patent has been subsequently assigned to Alcon Research, Ltd.

26. Alcon will be substantially and irreparably damaged by infringement of the '383 patent.

27. Apotex has knowledge of the '383 patent.

28. Apotex's submission of ANDA No. 91-380 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '383 patent was an act of infringement of the '383 patent under 35 U.S.C. § 271(e)(2)(A).

29. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '383 patent.

30. Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 91-380.

31. Upon information and belief, the use of Apotex's ANDA Product in accordance with and as directed by Apotex's proposed labeling for that product would infringe one or more claims of the '383 patent.

32. Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '383 patent when ANDA No. 91-380 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

33. Upon information and belief, Apotex knows that Apotex's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '383 patent, and that Apotex's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Apotex plans and intends to, and will, contribute to infringement of the '383 patent immediately and imminently upon approval of ANDA No. 91-380.

34. The foregoing actions by Apotex constitute and/or will constitute infringement of the '383 patent, active inducement of infringement of the '383 patent, and contribution to the infringement by others of the '383 patent.

35. Upon information and belief, Apotex acted without a reasonable basis for believing that it would not be liable for infringing the '383 patent, actively inducing infringement of the '383 patent, and contributing to the infringement by others of the '383 patent.

36. Unless Apotex is enjoined from infringing the '383 patent, actively inducing infringement of the '383 patent, and contributing to the infringement by others of the '383 patent, Alcon will suffer irreparable injury. Alcon has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,631,287

37. Alcon incorporates each of the preceding paragraphs 1–36 as if fully set forth herein.

38. United States Patent No. 5,631,287 ("the '287 patent"), entitled "Storage-Stable Prostaglandin Compositions" (Exhibit B hereto), was duly and legally issued on May 20, 1997, to Alcon Laboratories, Inc., as assignee of L. Wayne Schneider, and is incorporated herein by reference.

39. Alcon Laboratories, Inc.'s interest in the '287 patent has been subsequently assigned to Alcon Research, Ltd.

40. Alcon will be substantially and irreparably damaged by infringement of the '287 patent.

41. Apotex has knowledge of the '287 patent.

42. Apotex's submission of ANDA No. 91-380 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '287 patent was an act of infringement of the '287 patent under 35 U.S.C. § 271(e)(2)(A).

43. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '287 patent.

44. Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 91-380.

45. Upon information and belief, the use of Apotex's ANDA Product in accordance with and as directed by Apotex's proposed labeling for that product would infringe one or more claims of the '287 patent.

46. Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '287 patent when ANDA No. 91-380 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

47. The foregoing actions by Apotex constitute and/or will constitute infringement of the '287 patent and active inducement of infringement of the '287 patent.

48. Upon information and belief, Apotex acted without a reasonable basis for believing that it would not be liable for infringing the '287 patent and actively inducing infringement of the '287 patent.

49. Unless Apotex is enjoined from infringing the '287 patent and actively inducing infringement of the '287 patent, Alcon will suffer irreparable injury. Alcon has no adequate remedy at law.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,849,792

50. Alcon incorporates each of the preceding paragraphs 1–49 as if fully set forth herein.

51. United States Patent No. 5,849,792 ("the '792 patent"), entitled "Storage-Stable Prostaglandin Compositions" (Exhibit C hereto), was duly and legally issued on Dec. 15,

1998, to Alcon Laboratories, Inc., as assignee of L. Wayne Schneider, and is incorporated herein by reference.

52. Alcon Laboratories, Inc.'s interest in the '792 patent has been subsequently assigned to Alcon Research, Ltd.

53. Alcon will be substantially and irreparably damaged by infringement of the '792 patent.

54. Apotex has knowledge of the '792 patent.

55. Apotex's submission of ANDA No. 91-380 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '792 patent was an act of infringement of the '792 patent under 35 U.S.C. § 271(e)(2)(A).

56. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '792 patent.

57. Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 91-380.

58. Upon information and belief, the use of Apotex's ANDA Product in accordance with and as directed by Apotex's proposed labeling for that product would infringe one or more claims of the '792 patent.

59. Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '792 patent when ANDA No. 91-380 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

60. Upon information and belief, Apotex knows that Apotex's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '792 patent, and that Apotex's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Apotex plans and intends to, and will, contribute to infringement of the '792 patent immediately and imminently upon approval of ANDA No. 91-380.

61. The foregoing actions by Apotex constitute and/or will constitute infringement of the '792 patent, active inducement of infringement of the '792 patent, and contribution to the infringement by others of the '792 patent.

62. Upon information and belief, Apotex acted without a reasonable basis for believing that it would not be liable for infringing the '792 patent, actively inducing infringement of the '792 patent, and contributing to the infringement by others of the '792 patent.

63. Unless Apotex is enjoined from infringing the '792 patent, actively inducing infringement of the '792 patent, and contributing to the infringement by others of the '792 patent, Alcon will suffer irreparable injury. Alcon has no adequate remedy at law.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 5,889,052

64. Alcon incorporates each of the preceding paragraphs 1–63 as if fully set forth herein.

65. United States Patent No. 5,889,052 ("the '052 patent"), entitled "Use of Cloprostenol and Fluprostenol Analogues to Treat Glaucoma and Ocular Hypertension" (Exhibit D hereto), was duly and legally issued on March 30, 1999, to Alcon Laboratories, Inc., as assignee of Peter G. Klimko, John E. Bishop, Verney L. Sallee, and Paul W. Zinke, and is incorporated herein by reference.

66. Alcon Laboratories, Inc.'s interest in the '052 patent has been subsequently assigned to Alcon Research, Ltd.

67. Alcon will be substantially and irreparably damaged by infringement of the '052 patent.

68. Apotex has knowledge of the '052 patent.

69. Apotex's submission of ANDA No. 91-380 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '052 patent was an act of infringement of the '052 patent under 35 U.S.C. § 271(e)(2)(A).

70. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '052 patent.

71. Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 91-380.

72. Upon information and belief, the use of Apotex's ANDA Product in accordance with and as directed by Apotex's proposed labeling for that product would infringe one or more claims of the '052 patent.

73. Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '052 patent when ANDA No. 91-380 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

74. Upon information and belief, Apotex knows that Apotex's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '052 patent, and that Apotex's ANDA Product and its proposed labeling are not suitable for substantial

noninfringing use. Upon information and belief, Apotex plans and intends to, and will, contribute to infringement of the '052 patent immediately and imminently upon approval of ANDA No. 91-380.

75. The foregoing actions by Apotex constitute and/or will constitute infringement of the '052 patent, active inducement of infringement of the '052 patent, and contribution to the infringement by others of the '052 patent.

76. Upon information and belief, Apotex acted without a reasonable basis for believing that it would not be liable for infringing the '052 patent, actively inducing infringement of the '052 patent, and contributing to the infringement by others of the '052 patent.

77. Unless Apotex is enjoined from infringing the '052 patent, actively inducing infringement of the '052 patent, and contributing to the infringement by others of the '052 patent, Alcon will suffer irreparable injury. Alcon has no adequate remedy at law.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,011,062

78. Alcon incorporates each of the preceding paragraphs 1–77 as if fully set forth herein.

79. United States Patent No. 6,011,062 ("the '062 patent"), entitled "Storage-Stable Prostaglandin Compositions" (Exhibit E hereto), was duly and legally issued on Jan. 4, 2000, to Alcon Laboratories, Inc., as assignee of L. Wayne Schneider, Rajan Bawa, and Alan L. Weiner, and is incorporated herein by reference.

80. Alcon Laboratories, Inc.'s interest in the '062 patent has been subsequently assigned to Alcon Research, Ltd.

81. Alcon will be substantially and irreparably damaged by infringement of the '062 patent.

82. Apotex has knowledge of the '062 patent.

83. Apotex's submission of ANDA No. 91-380 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '062 patent was an act of infringement of the '062 patent under 35 U.S.C. § 271(e)(2)(A).

84. The manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '062 patent.

85. Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 91-380.

86. Upon information and belief, the use of Apotex's ANDA Product in accordance with and as directed by Apotex's proposed labeling for that product would infringe one or more claims of the '062 patent.

87. Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '062 patent when ANDA No. 91-380 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

88. The foregoing actions by Apotex constitute and/or will constitute infringement of the '062 patent and active inducement of infringement of the '062 patent.

89. Upon information and belief, Apotex acted without a reasonable basis for believing that it would not be liable for infringing the '062 patent and actively inducing infringement of the '062 patent.

90. Unless Apotex is enjoined from infringing the '062 patent and actively inducing infringement of the '062 patent, Alcon will suffer irreparable injury. Alcon has no adequate remedy at law.

WHEREFORE, Alcon requests the following relief:

(a) A judgment that Apotex has infringed the '383, '287, '792, '052, and '062 patents;

(b) A judgment ordering that the effective date of any FDA approval for Apotex to make, use, offer for sale, sell, market, distribute, or import Apotex's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '383, '287, '792, '052, or '062 patent, be not earlier than the latest of the expiration dates of the '383, '287, '792, '052, and '062 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Apotex, and all persons acting in concert with Apotex, from making, using, selling, offering for sale, marketing, distributing, or importing Apotex's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '383, '287, '792, '052, or '062 patent, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the '383, '287, '792, '052, and '062 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Apotex's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '383, '287, '792, '052, or '062 patent, prior to the latest of the expiration dates of the '383,

'287, '792, '052, and '062 patents, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '383, '287, '792, '052, or '062 patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) An award of Alcon's costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Alcon Research, Ltd.*

OF COUNSEL:

Bruce R. Genderson
Adam L. Perlman
Kevin Hardy
Hannah M. Stott-Bumsted
David M. Krinsky
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029 (Facsimile)

Mark A. Aronchick
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
27th Floor
Philadelphia, PA 19103-6933

October 23, 2009